**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHEL COHEN, SOTHEBY'S
FINANCIAL SERVICES, INC.,
and JOHN DOES 1-10,

Defendants in Interpleader.

No. 19 Civ. 9291 (JSR)

[PROPOSED]
ORDER APPROVING ALTERNATE
SERVICE UPON MICHEL COHEN
UNDER RULE 4(f)(3)

WHEREAS on October 8, 2019, Plaintiff the United States of America (or the "Government") filed its complaint-in-interpleader in this matter;

WHEREAS on October 29, 2019, Defendant-in-Interpleader Sotheby's Financial Services, Inc. ("Sotheby's") filed an answer and asserted cross-claims against Defendant-in-Interpleader Michel Cohen ("Cohen");

WHEREAS on January 17, 2020, the United States filed a memorandum of law in support of its application that the Court grant it leave to serve Cohen by alternative means, pursuant to Fed. R. Civ. P. 4(f)(3), based on the impracticability of serving him by traditional means; and

IT IS HEREBY ORDERED THAT, based on the government's showing, the Court finds that traditional means of service are impracticable, and that the alternate service ordered herein is not prohibited by international agreement and comports with constitutional notions of due process; and

IT IS FURTHER ORDERED THAT Cohen may be served by alternative means pursuant to Fed. R. Civ. P. 4(f)(3) as follows:

1

1.  Within 14 days of entry of this order, the United States shall cause to be published, at least once in each of four successive weeks in a publication with wide circulation, including in France, copies of (1) the summons addressed to Cohen and (2) a notice to Cohen of the pendency of this action, along with a brief statement of the nature of the action and the relief sought by the United States and Sotheby's.

2.  Service upon Cohen pursuant to Fed. R. Civ. P. 4(f)(3) will be deemed complete upon the final publication of the notice and summonses as set forth in ¶ 1 above.

Dated: January 2⟨?⟩, 2020
New York, New York

SO ORDERED:

HON. JED S. RAKOFF
United States District Judge